IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-40569
Summary Calendar

HANAH FAULKENBERY

Plaintiff-Appellee

v.

BUBBA LEE

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:07-CV-180

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Bubba Lee, a deputy sheriff, appeals the district court's denial of his motion for summary judgment based on qualified immunity. We affirm.

The § 1983 action filed by Plaintiff-Appellee Hanah Faulkenbery asserts a violation, by Lee as a public official, of her constitutional right to the care, custody, control and management of her three-year-old daughter. As

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

extensively, correctly, and completely analyzed in the district court's Order Denying Defendant's Motion for Summary Judgment, the version of facts as alleged by Faulkenbery as non-movant and supported by her summary judgment evidence — which we must credit at this stage of the proceedings — demonstrates that the discretionary acts of Lee in his capacity as a deputy sheriff were not objectively reasonable and violated Faulkenbery's clearly established constitutional right.

Even if we were to assume without granting that, under Lee's significantly divergent version of the facts, he would eventually be deemed to have acted with objective reasonableness, we still would not have appellate jurisdiction to entertain this interlocutory appeal of denial of qualified immunity. This case quite literally presents a quintessential example of the classic "he said, she said" swearing match, making it obvious that Lee's summary judgment motion turns entirely on a genuine issue of fact that clearly is material. Unlike our jurisdiction to hear interlocutory appeals of denial of qualified immunity motions that turn on materiality or other issues of law, we have no jurisdiction to hear appeals of such denials based solely on disputes of fact when, as here, the non-movant's version, if prevailing, would establish the violation of a clearly established constitutional right by the discretionary acts of a public official that were not objectively reasonable. Johnson v. Jones, 515 U.S. 304, 310-13 (1995); Aucoin v. Haney, 306 F.3d 268, 271-72 (5th Cir. 2002); Cantu v. Rocha, 77 F.3d 795, 802-803 (5th Cir. 1996).

For lack of appellate jurisdiction, Lee's appeal is dismissed and this case is remanded to the district court for further consistent proceedings. DISMISSED and REMANDED.